UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MELESSA BYRGE, )<br>)<br>Defendant. ) | No.:  3:18-CR-147-TAV-HBG-17 |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is defendant's *pro se* motion for a judicial recommendation for placement in a residential re-entry center, pursuant to the Second Chance Act, 18 U.S.C. § 3624(c) [Doc. 29]. For the reasons stated below, defendant's motion will be denied.

Halfway house placement under the Second Chance Act is a matter within the discretion of the Bureau of Prisons ("BOP"), to be determined on an individual basis upon consideration of several factors including "any statement by the court that imposed the sentence . . . ." *See, e.g., Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009) (quoting 18 U.S.C. § 3621(b)). The Act directs the BOP Director to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." *Beckenridge v. Shartle*, 2010 WL 680951, at *2 (N.D. Ohio Feb. 22, 2010) (quoting Second Chance Act, Pub. L. 110-199, § 251, 122 State. 660, 692 (2008)).

The Court, of course, recommends that the BOP afford the defendant every appropriate measure of beneficial assistance available to aid in her transition back into the community, including halfway house placement, if deemed appropriate considering the relevant factors. However, this Court also views the BOP as ultimately being in the best position to determine the appropriate time and manner of community reentry, so the Court declines the defendant's request for a specific recommendation.[1] Accordingly, defendant's motion for a judicial recommendation [Doc. 983] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that, according to the BOP's website, defendant's current release date is May 14, 2027. Find an Inmate, https://bop.gov/inmateloc (search "Melessa Byrge") (last visited Sept. 25, 2020). Accordingly, defendant has several years remaining to serve on her sentence before she would be eligible for placement, for up to 12 months, in a halfway house. Under the Second Chance Act, the BOP is required to consider several factors, including "the history and characteristics of the prisoner." 18 U.S.C. § 3621(b)(3). Even if the Court were to find it appropriate to consider the relevant factors itself, rather than deferring to the BOP's determination, the Court would not be in a position to assess whether defendant's history and characteristics support placement at a halfway house many years before such placement would be possible.